504 S.E.2d 920

**Lee A. ATKINS and Lisa Lynn Atkins, Individually and as Next Friend of Lee M. Atkins, an Infant, Appellees,**

v.

**Zana Lou Midcap CONLEY and Samuel O'Brien, Defendants Below, Appellees,**

**Donna Jean O'Brien, Defendant Below, Appellant.**

**No. 24679.**

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1998.

Decided July 2, 1998.

---

Larry L. Skeen, Skeen & Skeen, Ripley, for Appellees Lee A. Atkins and Lisa Lynn Atkins.

George J. Cosenza, Cosenza & Underwood, Parkersburg, for Appellant Donna Jean O'Brien.

PER CURIAM: [1]

This is an appeal by Donna Jean O'Brien (hereinafter "Appellant") from an order of the Circuit Court of Roane County denying her motion for a directed verdict, judgment notwithstanding the verdict, motion to set aside the verdict, and motion for a new trial. The jury verdict held the Appellant liable for injuries inflicted upon an infant, Lee M. Atkins, by a dog alleged to have been owned or kept by the Appellant. We find that hearsay evidence regarding ownership of the dog was improperly admitted and reverse and remand on that basis.

## I.

The Appellant and her ex-husband, Mr. Samuel O'Brien, purchased a dog during their marriage.[2] They divorced in 1988, and the dog remained with Mr. O'Brien.[3] Mr.

---

**1.** We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

**2.** Mr. O'Brien was also named as a defendant in this civil action. He failed to file an answer and default judgment was entered against him, finding him jointly and severally liable. Although Mr. O'Brien did not file an answer or hire counsel, he did appear and testify at trial. Mr. O'Brien has not appealed the judgment against

him. The other defendant initially named, Zana Conley, was dismissed on her motion for summary judgment.

**3.** The parties had two dogs during the marriage; upon divorce, the Appellant took "Bobo" and Mr. O'Brien took "Samson," the dog causing the injury in this civil action. According to the evidence presented at trial, there was no property settlement agreement or other documented evidence of actual ownership of the dogs.

O'Brien lived on a farm owned by the Appellant, in exchange for the performance of caretaking duties by Mr. O'Brien at that farm. Mrs. O'Brien testified that she visited the property only about once per year.

On March 24, 1992, a two-year old neighbor, Lee Atkins, was attacked by the dog and incurred multiple injuries and permanent facial scarring. In 1993, the Atkins filed suit, alleging that Mrs. O'Brien was the owner of the vicious dog and that Mr. O'Brien knowingly harbored the dog at his residence even though both the Appellant and Mr. O'Brien had reason to know that the animal was vicious.[4] The Atkins did not make an allegation of strict liability in their complaint. Subsequent to trial on October 8, 1996, the jury found the Appellant and Mr. O'Brien jointly and severally liable and awarded $25,000 in damages to the parents and $20,000 to the infant child. The lower court denied post-judgment relief requested by the Appellant, and the Appellant appeals to this Court.

## II.

■ The Appellant maintains that the lower court erred in admitting hearsay statements concerning ownership of the dog. The victim's mother, Appellee Lisa Atkins, and grandmother, Mrs. Zana Conley, both testified that they had been told by a veterinarian[5] following the incident that the dog was registered to Mrs. O'Brien. They had also allegedly learned during their telephone conversations with the veterinarian that the dog had received its rabies shots. The lower court permitted the hearsay testimony regarding the veterinarian's alleged statements regarding the ownership of the dog under Rule 803(4) of the West Virginia Rules of Evidence[6] as an exception to the hearsay rule involving statements made for purposes of medical diagnosis or treatment. The Appellant argues that the statements regarding ownership of the dog did not fall within the parameters of the medical diagnosis or treat-

ment exception to the hearsay rule and should not have been permitted.

The Appellees maintain that the hearsay was admissible due to the Appellant's repeated failure to comply with discovery requests regarding ownership and her refusal to authorize the release of the dog's veterinary records. Such request for a release of the dog's medical records was made in April 1994, and the release was not supplied until February 1996, approximately eight months prior to trial.

■ We conclude that the lower court's admission of the hearsay evidence was improper. The Rule 803(4) exception clearly contemplates only that information which was stated for purposes of medical diagnosis or treatment. We quoted the language ·of Rule 803(4) in syllabus point four of *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990), recognizing:

> The following [is] ... not excluded by the hearsay rule, even though the declarant is available as a witness: ... (4) Statements for Purposes of Medical Diagnosis or Treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. W.Va.R.Evid. 803(4).

In syllabus point five of *Edward Charles L.*, we explained: "The two-part test set for admitting hearsay statements pursuant to W.Va.R.Evid. 803(4) is (1) the declarant's motive in making the statements must be consistent with the purposes of promoting treatment, and (2) the content of the statement must be such as is reasonably relied upon by a physician in treatment or diagnosis."

The testimony regarding conversations with the veterinarian in the present case was

---

4. The animal had allegedly attacked another individual on a prior occasion.

5. Neither Mrs. Atkins nor Mrs. Conley could recall the name of the veterinarian at the time of the testimony, but the name was later determined to be Dr. T.H. Barrett of Ohio.

6. Rule 803(4) provides as follows:

Statements for Purposes of Medical Diagnosis or Treatment.Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

introduced in an attempt to prove the ownership of the dog, the dispositive issue in the case. We find the admission of such evidence improper; thus, reversal and remand are necessitated, especially in light of the fact that ownership was the key issue at trial.[7]

Reversed and remanded.

---

**7.** The Appellant also asserted that (1) the lower court erred in failing to grant a directed verdict for the Appellant on the grounds that the evidence failed to establish that Mrs. O'Brien was the owner or keeper of the dog; and (2) liability imposed through West Virginia Code § 19–20–13 (1993) was not pled in the complaint and should not have been considered by the lower court or jury. West Virginia Code § 19–20–13 provides that "[a]ny owner or keeper of any dog who permits such dog to run at large shall be liable for any damages inflicted upon the person or property of another by such dog while so running at large." The Appellant contends that because the complaint did not include a reference to that statute, the lower court's instruction regarding the liability imposed by that statute was in error. The Appellees failed to file a motion, pursuant to Rule 15(b) of the West Virginia Rules of Civil Procedure, to amend the pleadings to conform with the statute. We reverse and remand only upon the issue of improper introduction of the hearsay.